

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00012-CV

———————————————

JIMMY GETTINGS, Appellant

V.

GOOSEHEAD INSURANCE AGENCY LLC, ROBYN JONES, MARK JONES,
AND MIKE LITTAU, Appellees

---

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-315458-20

---

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant Jimmy Gettings sued ten unnamed defendants and five named defendants in the trial court, including Appellees Goosehead Insurance Agency LLC, Robyn Jones, Mark Jones, and Mike Littau. Appellees filed a motion to dismiss Gettings's claims against them under Rule 91a of the Texas Rules of Civil Procedure. The trial court granted the motion to dismiss and dismissed Gettings's claims against those four parties with prejudice. Gettings attempts to appeal that order.

On January 15, 2021, we notified Gettings of our concern that we lack jurisdiction over this appeal because the trial court's order does not appear to be a final judgment or an appealable interlocutory order. We warned him that we could dismiss his appeal absent a response by January 25, 2021 showing grounds for continuing the appeal. Although Gettings amended his notice of appeal on February 1, 2021, we received no response to our letter.

This court has appellate jurisdiction only of appeals from final judgments and from interlocutory orders that the Texas Legislature has specified are immediately appealable. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014. A final judgment is one that disposes of every pending claim and party. *See Lehmann*, 39 S.W.3d at 205.

Gettings sued fifteen defendants in the underlying cause, but the order he attempts to appeal dismisses only his claims against four of them. It therefore does not dispose of every pending claim and party and thus is not a final judgment. *See id.*

2

Further, an order granting a Rule 91a motion to dismiss is not an appealable interlocutory order. *See Hollis v. ProPath Assocs., PLLC*, No. 02-19-00167-CV, 2019 WL 3024472, at *1 (Tex. App.—Fort Worth July 11, 2019, no pet.) (mem. op.); *Gause v. Triumph Hosp. of N. Houston, L.P.*, No. 14-18-00723-CV, 2018 WL 6217412, at *1 (Tex. App.—Houston [14th Dist.] Nov. 29, 2018, no pet.) (per curiam) (mem. op.).

Because the order Gettings attempts to appeal is neither a final judgment nor an appealable interlocutory order, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: March 11, 2021

3